IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TYRUS T. SHELLY,

                    Petitioner,

          vs.

ROB JEFFREYS,

                    Respondent.

**4:24CV3179**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Tyrus Shelly's ("Shelly") Petition for Writ of Habeas Corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254. Filing No. 1. For the reasons discussed below, it appears Shelly's petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the Court will order Shelly to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations.

Also before the Court are Shelly's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 3; Motion for Copies, Filing No. 5; and Motion to Appoint Counsel, Filing No. 6. Shelly's IFP Motion does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring the petitioner to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). However, Court records indicate that Shelly has already paid the $5.00 filing fee. *See* Filing No. 1 (receipt number 8070708 indicates Shelly paid the $5.00 filing fee with the filing of his Petition). Accordingly, Shelly's IFP Motion is denied as moot.

Shelly's Motion for Copies, Filing No. 5, requests a "free copy of all documents in case number 4:24cv3179. Forma Pauperis." Filing No. 5 at 1. Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Shelly has not been granted leave to proceed in forma pauperis in this case so the language in 28 U.S.C. § 2250 does not apply. Moreover, at this stage, Shelly has not stated much less demonstrated a need for the copy of the documents which he requests due to limited financial resources to pay for his own copies. *See* Filing No. 3; *see also Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."). Accordingly, Shelly's Motion for Copies will be denied.

Shelly also requests that he be appointed counsel for these proceedings. Filing No. 6. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*,

2

29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

For the reasons stated, it appears Shelly's claims are barred by the statute of limitations, thus it is premature to determine whether Shelly potentially meets the criteria for appointment of counsel. Further, despite his professed limitations, Shelly's pleadings and motions have been relatively clear. Thus, the Court finds there is no need for the appointment of counsel at this time. The Court is, however, aware that this situation may change if this litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## I. BACKGROUND

Shelly asserts that on November 3, 1995, he pleaded guilty to all charges, except first-degree murder, in Douglas County, Nebraska, case number 136, No. 218. Filing No. 1 at 1. According to Shelly's Petition and state court records, available to this Court online, Shelly pleaded guilty to second degree murder, attempted second degree murder, and two counts of use of a firearm to commit a felony.[1] Shelly was sentenced to 35 years to

---

[1] See attached docket sheet and post-conviction order for *State v. Tyrus Shelly*, CR10 9028593; Doc. 136, Page 218, District Court of Douglas County, Nebraska, at https://www.nebraska.gov/justice/case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

life.[2]  Shelly alleges in his Petition, and his state court records confirm, that no direct appeal was ever filed.

On August 14, 2003, Shelly filed a motion for postconviction relief in which he asserted that his trial counsel had failed to comply with his request to file a direct appeal. *State v. Shelly*, 782 N.W.2d 12, 13-14 (Neb. 2010).  The district court denied postconviction relief without an evidentiary hearing.  *Id*. at 14.  On November 26, 2003, the Nebraska Supreme Court vacated the judgment of the district court denying postconviction relief and remanded the case to the district court with directions to conduct an evidentiary hearing with respect to Shelly's allegation that his trial counsel had failed to perfect a direct appeal from his plea-based convictions and sentences after being requested to do so by Shelly.  *Id.*

On January 23, 2009, Shelly filed a new motion for postconviction relief.  *Id.*  On June 3, 2009, the district court overruled the motion as procedurally barred as a second and successive motion.  *Id.*  The district court ordered that "only the one issue required by mandate is to be addressed at the evidentiary hearing."  *Id.*  The Nebraska Supreme Court concluded that Shelly's second postconviction motion was premature, because proceedings on his first postconviction motion were still pending, so consideration of the second postconviction motion was outside the scope of the mandate on remand from the appeal of the denial of Shelly's first postconviction motion.  *Id*. at 16.  The Nebraska Supreme Court therefore vacated that portion of the district court's order overruling the

---

[2] In his Petition, Shelly alleges he was sentenced to 35 years to life.  *See* Filing No. 1 at 1.  A journal entry in Shelly's state court records indicate that he received a sentence of 30 years to life for the second-degree murder charge; 25-30 years on the attempted murder charge; and 5 to 10 years on each of the firearm charges. The sentence in the attempted murder count was to be served concurrent to the sentence for murder and the sentences for his firearm charges were to be served concurrently to each other but consecutive to the other sentences.

second postconviction motion. *Id.* The Supreme Court remanded the case to the district court with directions to dismiss the second postconviction motion without prejudice, and to conduct an evidentiary hearing on the first postconviction motion in accordance with the mandate issued previously. *Id.*

In accordance with the second mandate, the district court held an evidentiary hearing on May 28, 2010. After considering the testimony of Shelly and Shelly's counsel, the district court concluded that Shelly did not instruct his trial counsel to file an appeal within the statutorily required timeframe. Therefore, on June 11, 2010, the district court denied Shelly's motion for postconviction relief. On June 6, 2010, Shelly filed a notice of appeal of the district court's order. The Supreme Court affirmed the district court and, on December 16, 2010, issued its mandate. Shelly's state court records do not reflect any further proceedings.

This Court's records reflect that this is Shelly's first attempt at federal habeas corpus relief. Liberally construed, Shelly first claims state officials violated his Eighth Amendment right to be free from cruel and unusual punishment because he was minor at the time he was sentenced. Filing No. 1 at 5. Shelly also claims that, beginning on July 24, 2012, he has been improperly denied parole. Filing No. 1 at 7.

## II. DISCUSSION

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. *See Day v. McDonough,* 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

In the present case, it appears from the face of the petition that Shelly's claim is barred by the statute of limitations because the Petition was filed more than one year after Shelly's judgment became final.  *See* 28 U.S.C. § 2244(d)(1).  Shelly's conviction became final, at the latest, on January 18, 2011, upon the expiration of the 30-day appeal period after the state district court filed its order pursuant to the Nebraska Supreme Court's mandate on December 16, 2010.[3]  *See* Neb. Rev. Stat. § 25-1912(1); *see also In re Interest of J.A.*, 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence.").  Accordingly, for Shelly's first claim, the one-year limitations period began to run, at the latest, from January 18, 2011, and Shelly had until January 18, 2012,

---

[3] Thirty days after December 16, 2010, fell on January 15, 2011, which was a Saturday.  The following Monday, January 17, 2011, was Martin Luther King, Jr. Day, so Shelly would have had until the next business day, January 18, 2011, to file an appeal to the United States Supreme Court.

to file his habeas petition.  For Shelly's second claim, other than stating presumably the first date he was eligible for parole, Shelly alleges no other facts to state when any violation of federal law occurred.  Shelly did not file his habeas petition in this Court until October 4, 2024, more than ten years after any limitations period expired.  Thus, absent other sufficient tolling or an equitable exception, any claims related to Shelly's convictions or sentences are barred by the statute of limitations.

Accordingly,

IT IS ORDERED that:

1.      Shelly is ordered to show cause within 30 days why this case should not be dismissed because it is barred by the statute of limitations.  Failure to respond to this order will result in dismissal of this action without further notice to Shelly for the reasons explained above.

2.      The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **May 28, 2025**: check for response to show cause order.

Dated this 28th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

Official Nebraska Government Website

# Nebraska Judicial Branch

.

## Case Summary

In the District Court of Douglas County
The Case ID is  CR 10 9028593 Docket Number is 136218
Citation No.: G  0013992
                State v. Tyrus T Shelly
The Honorable Gerald E Moran, presiding.
Classification: Felony-Bindover
Filed on 02/06/1995         by the County Prosecutor
This case is Mandated as of 12/13/2010

## Parties/Attorneys to the Case

          Party                         Attorney
Plaintiff ACTIVE
    State of Nebraska
Defendant ACTIVE
    Tyrus T Shelly                  Brian S Munnelly
    2012 Emmett St , apt.#1/2       626 S 19th St., Ste 9
    Omaha          NE 00000         Omaha          NE 68102
                                    402-991-8100

Date of Birth is 05/30/1976  Drivers License is

## Offense Information

        This case has been converted from a prior system and
        the information on this screen may not be complete.
        Please check the Register of Actions and Judges Notes
        for more information.
Count              Charge                  Offense Class
 01  Murder-2nd degree              ; Class 1B Felony
        Offense Date is 01/20/1995
        Plea is  Guilty/Admit
        Finding is  Guilty
           Sentence includes:
               See Register of Actions/Judges Notes
               Jail-Minimum Sentence
                      Start Date 11/03/1995
                      Term of  30 Years
               Jail-Maximum Sentence
                      Start Date 11/03/1995
                      Term of  99 Years
 02  Use firearm to commit a felony        ; Class 3 Felony
        Offense Date is 01/20/1995
        Plea is  Guilty/Admit
        Finding is  Guilty
           Sentence includes:
               See Register of Actions/Judges Notes
               Jail-Minimum Sentence
                      Start Date 11/03/1995
                      Term of  05 Years
               Jail-Maximum Sentence
                      Start Date 11/03/1995
                      Term of  10 Years
 03  Attempt of a class 1/1A/1B felony     ; Class 2 Felony
        Offense Date is 01/20/1995
        Plea is  Guilty/Admit
        Finding is  Guilty
           Sentence includes:
               See Register of Actions/Judges Notes
               Jail-Minimum Sentence
                      Start Date 11/03/1995
                      Term of  25 Years
               Jail-Maximum Sentence

```
                        Start Date 11/03/1995
                        Term of  30 Years
    04  0 Fake statute-CR Case-Check judges note ; Misdemeanor
          Offense Date is 01/20/1995
          Plea is  Guilty/Admit
          Finding is  Guilty
            Sentence includes:
              See Register of Actions/Judges Notes
              Jail-Minimum Sentence
                        Start Date 11/03/1995
                        Term of  05 Years
            Jail-Maximum Sentence
                        Start Date 11/03/1995
                        Term of  10 Years
```

## Arresting Officers

```
    Agency                              Officer
    ----------------------------------  ----------------------------------
    Omaha Police Department             Leland D Cass
    Omaha Police Department             Robert L Sklenar
```

## Court Costs Information

Incurred By            Account            Date            Amount

## Financial Activity

```
    No trust money is held by the court
    No fee money is held by the court
```

## Register of Actions

```
    04/14/2025 Mail Returned by Post Office
        mae
              Image ID  M00023632D01

    03/10/2025 Mail Returned by Post Office
        JB
              Image ID  M00014837D01




    03/19/2011 Disclaimer


    03/19/2011 Disclaimer


    03/19/2011 Disclaimer


    03/19/2011 Disclaimer


    12/23/2010 Return Filed
        Sheriff Return No Fees ESC: 017178 TRIP EXECUTED BY DELIVERING PAPERS ONL
        Y TO NE D&E ON 121610
              Image ID  000350358D01


    12/16/2010 Judgment on Mandate
```

```
                This action initiated by Gerald E Moran
        Jrn#3799000


                Image ID  000312165D01


12/13/2010 Mandate
        Mandate Affirmed ESC: 10-676 FROM NE S/CRT-COSTS TO BE PD BY DO CTY & TAX
        ED @ $125
                Image ID  000266471D01


09/07/2010 Notice Filed
        RE BOE
                Image ID  000230130D01


08/02/2010 Order
                This action initiated by Gerald E Moran
        Order Jrn#3799000 DO CTY PAY LORI A. GRECKAL THE SUM OF $26.25
                Image ID  000198311D01



08/02/2010 Bill of Exceptions
        ESC: CARD VOL I
                Image ID  000203764D01


07/28/2010 Letter
        ESC: 00000 RE:RECORD PREPARATION DATE
                Image ID  000198537D01


07/27/2010 Notice Filed
        TRANSCRIPT OF PLEADINGS
                Image ID  000174830D01


07/14/2010 Letter
        ESC: 10-676 FROM NE S/CRT & CRT OF APPEALS RECEIPTING NOTICE OF APPEAL
                Image ID  000182648D01



07/13/2010 Letter
        ESC: 10676 RE: COPY OF MINUTE ENTRY
                Image ID  000178070D01


07/12/2010 Motion-Proceed in Forma Pauperis
                This action initiated by Gerald E Moran
        ESC: SUSTAIN Jrn#3799000 & MOTION FOR POSTCONVICTION RELIEF IS OVERRULED.
                Image ID  000173255D01


07/06/2010 Motion-Counsel
                This action initiated by party Tyrus T Shelly
                Image ID  000165574D01


07/06/2010 Motion-Proceed in Forma Pauperis
                This action initiated by party Tyrus T Shelly
        AFFIDAVIT ATTACHED


                Image ID  000165573D01


07/06/2010 Request-BOE
                This action initiated by party Tyrus T Shelly
                Image ID  000165572D01


07/06/2010 Request-Appeal Transcript
                This action initiated by party Tyrus T Shelly
                Image ID  000165571D01


07/06/2010 Notice-Appeal to Crt of Appeals
```

Last viewed on 04/28/2025

```
                    This action initiated by party Tyrus T Shelly
                    Image ID  000165570D01



06/17/2010 Notice-Judgment sent
                    Image ID  000157070D01




06/15/2010 Order-Atty Fee/Reimburse Expenses
                    This action initiated by Gerald E Moran
           Jrn#3799000 DOUG CNTY TO PAY BRIAN MUNNELLY $2019.37
                    Image ID  000160141D01


06/15/2010 App-Atty Fees/Reimburse Fees
                    This action initiated by party Tyrus T Shelly
           BY BRIAN MUNNELLY
                    Image ID  000161450D01


06/10/2010 Order
                    This action initiated by Gerald E Moran
           Case Disposed of by Final Order Jrn#3799000 DEFTS MOTION TO AMEND THE MOT
           ION FOR POSTCONVICTION RELIEF IS DENIED.
                    Image ID  000151854D01




05/28/2010 Motion Filed
                    This action initiated by Gerald E Moran
           Motion to Amend Jrn#3799000 RE: POSTCONVICTION RELIEF IS OVERRULED. POSTC
           ONVICTION HEARING HELD UNDER ADVISEMENT.
                    Image ID  000133759D01


05/25/2010 Return Filed
           Sheriff Return No Fees ESC: 016014 DLVD PAPERS ONLY ON DFNT TO NE DOC DEC
            051410
                    Image ID  000128375D01


05/12/2010 App-Atty Fees/Reimburse Fees
                    This action initiated by party Tyrus T Shelly
           BY BRIAN MUNNELLY
                    Image ID  000134294D01




05/12/2010 Order-Atty Fee/Reimburse Expenses
                    This action initiated by Gerald E Moran
           Jrn#3799000 DO CTY PAY BRIAN S MUNNELLY $1626.53
                    Image ID  000107418D01


05/11/2010 Judgment on Mandate
                    This action initiated by Gerald E Moran
           Jrn#3799000
                    Image ID  000119631D01


05/06/2010 Mandate
           Mandate Affirmed ESC: 09-618 IN PART & IN PART VACATED & REMANDED W/DIREC
           TIONS FROM NE S/CRT-COSTS TO BE PD BY DO CTY & TAXED @ $122
                    Image ID  000110782D01




04/28/2010 Notice-Judgment sent
                    Image ID  000105733D01


04/23/2010 Order
                    This action initiated by Gerald E Moran
           Case Disposed of by Final Order Jrn#3799000 DEFTS SECOND POSTCONVICTION M
           OTION DISM'D W/O PREJ.
                    Image ID  000104881D01
```

Last viewed on 04/28/2025

```
04/23/2010 Opinion-Supreme Court
           ESC: 09-618 THE JDG IS AFFIRMED IN PART AND IN PART VACATED & REMANDED W/
           DIRECTIONS
                   Image ID   000091982D01


08/10/2009 Order
                   This action initiated by Gerald E Moran


           Order Jrn#3799000 DO CTY PAY MARGARET TYSKA HEANEY THE SUM OF $243.50.
                   Image ID   C00099062D01


07/09/2009 Notice Filed
           COPY OF TRANS OF PLEADINGS
                   Image ID   C00099061D01


06/26/2009 Motion-Counsel
                   This action initiated by Gerald E Moran
           ESC: OVERRULE Jrn#3799000


06/26/2009 Order-Waive Fine/Costs
                   This action initiated by Gerald E Moran
           Jrn#3799000
                   Image ID   C00099060D01



06/26/2009 Letter
           ESC: 9-0618 FROM NE S/CRT RE MOTION TO APPOINT COUNSEL
                   Image ID   C00099059D01

06/26/2009 Letter
           ESC: 9-0618 FROM NE S/CRT AND NE COURT OF APPEALS OF RECEIPTING APPEAL
                   Image ID   C00099058D01

06/19/2009 Poverty Affidavit
                   This action initiated by party Tyrus T Shelly
                   Image ID   C00099057D01

06/19/2009 Request-Appeal Transcript
                   This action initiated by party Tyrus T Shelly
                   Image ID   C00099056D01



06/19/2009 Motion-Counsel
                   This action initiated by party Tyrus T Shelly
                   Image ID   C00099055D01


06/19/2009 Notice-Appeal to Crt of Appeals
                   This action initiated by party Tyrus T Shelly
                   Image ID   C00099054D01


06/02/2009 Order
                   This action initiated by Gerald E Moran
           Order Jrn#3799000 DEFT MOTION FOR POSTCONVICTION RELIEF IS OVERRULED, AND
            ONLY THE ONE ISSUE REQUIRED BY MANDATE IS TO BE ADDRESSED AT EVIDENTI*
                   Image ID   C00099053D01


06/01/2009 Notice-Take Deposition
           TYRUS SHELLY 060409


                   Image ID   C00099052D01


04/23/2009 Pretrial Conference
           Pretrial ESC: #1 Sch 05/28/2009 01:15 Jrn#3799000
                   Image ID   C00099051D01
```

```
04/13/2009 Notice-Take Deposition
        THOMAS RILEY 051409
             Image ID  C00099050D01


01/28/2009 Order-Appt Counsel
             This action initiated by Gerald E Moran
        Jrn#3799000 BRIAN MUNNELLY OBO DFNT
             Image ID  C00099049D01


01/26/2009 Poverty Affidavit


             This action initiated by party Tyrus T Shelly
             Image ID  C00099048D01


01/26/2009 Affidavit
        AND VERIFICATION OF MOAPCOV
             Image ID  C00099047D01


01/26/2009 Motion-Counsel
             This action initiated by party Tyrus T Shelly
             Image ID  C00099046D01


01/26/2009 Motion-Post Conviction Relief
             This action initiated by party Tyrus T Shelly
             Image ID  C00099045D01


10/07/2008 Request-Appeal Transcript


             This action initiated by Gerald E Moran
        ESC: OVERRULE Jrn#3799000
             Image ID  C00099044D01


10/07/2008 Letter
        RE: TRANSCRIPTS
             Image ID  C00099043D01


10/03/2008 Request-Appeal Transcript
             This action initiated by party Tyrus T Shelly
             Image ID  C00099042D01


01/13/2004 Return Filed
        Sheriff Return No Fees ESC: 003385 JUDGMENT AND SENTENCE ORDER; EXECUTED
        010604 BY DELIVERING PAPERS ONLY ON DEFT TO SDCS




12/12/2003 Order
             This action initiated by Gerald E Moran
        Case Disposed of by Final Order Jrn#3799000 SIGNED JDG ON MANDATE




12/11/2003 Order-Appt Counsel
             This action initiated by Gerald E Moran
        Jrn#3799000 KIM NOVAK APPTD FOR DEFT




12/11/2003 Mandate
        VACATED AND THE CAUSE REMANDED WITH DIRECTIONS. COSTS OF THIS APPEAL ARE
        TO BE PD BY DO CTY AND ARE TAXED AT $66.5
```

Last reviewed on 04/28/2025

12/08/2003 Motion-Counsel
          This action initiated by party Tyrus T Shelly

11/04/2003 Order
          This action initiated by Gerald E Moran
     Order Jrn#3799000 DO CTY PAY $558.50 TO LORI A GRECKEL

10/27/2003 Bill of Exceptions
     VOL I

10/03/2003 Notice Filed
     COPY OF TRANSCRIPT MAILED TO DEFT

09/19/2003 Letter
          This action initiated by party Tyrus T Shelly
     ESC: 0000 RE: RECORD PREP DATE

09/16/2003 Letter
     ESC: 031045 FROM CLERK OF NE SUPREME COURT RECEIPTING FOR NOTICE OF APPEA
     L

09/15/2003 Letter
     ESC: O31045 BY CLK OF NEB S/CRT AND CRT OF APPEAL RE: MINUTE ENTRY

09/11/2003 Motion-Counsel

          This action initiated by Gerald E Moran
     ESC: OVERRULE Jrn#3799000

09/08/2003 Motion-Proceed in Forma Pauperis
          This action initiated by party Tyrus T Shelly

09/08/2003 Motion-Counsel
          This action initiated by party Tyrus T Shelly

09/08/2003 Request-Appeal Transcript
          This action initiated by party Tyrus T Shelly

09/08/2003 Request-BOE
          This action initiated by party Tyrus T Shelly

09/08/2003 Notice-Appeal to Crt of Appeals

This action initiated by party Tyrus T Shelly

08/27/2003 Order
        This action initiated by Gerald E Moran
   Case Disposed of by Final Order Jrn#3799000 MOTION FOR POST-CONVICTION OV
   ERRULED

08/14/2003 Motion-Post Conviction Relief
        This action initiated by party Tyrus T Shelly

08/14/2003 Motion-Counsel
        This action initiated by party Tyrus T Shelly

08/14/2003 Motion Filed
        This action initiated by party Tyrus T Shelly
   RE: LEAVE TO PROCEED IN FORMA PAUPERI

08/20/1997 Order
        This action initiated by Gerald E Moran
   Order Jrn#3799026 DO CTY PAY LORI A BRECKEL $46.75

08/20/1997 Bill of Exceptions
   VOLUME I

08/04/1997 Motion-Proceed in Forma Pauperis
        This action initiated by Gerald E Moran
   ESC: SUSTAIN Jrn#3777354

08/01/1997 Letter
   ESC: 00 RE: FILINGS

07/30/1997 Letter
   ESC: 00 BY CDC TO CRT ADMIN (W/ATTACHED FILINGS) RE: NO NOTICE OF APPEAL
   ON FILE

09/26/1996 Deposition Certificate
        This action initiated by party Tyrus T Shelly
   OF DATHEIS CAIN - $145.35 OBO DEFT

11/17/1995 Return Filed
   Sheriff Return ESC: 311138 JUDG & SENT: EXECUTED 11-13-95 BY DELIVERING D
   EFT TO NPCC

Last viewed on 04/28/2025

11/03/1995 Journal Entry
          This action initiated by Gerald E Moran
     Judgment and Sentence - Confinement Jrn#3507395 SDCS-- CT 1:30 YRS TO LIF
     E, CT 2:5-10 YRS (CONSECUTIVE TO CTS 1 & 3),CT 3: 25-30 YRS (CONCURREN*

10/24/1995 Return Filed
     Sheriff Return No Fees ESC: 308792 AMD INFO: REC'D WRIT 9-29-95 RTN'D W/N
     O FUTHER ACTION TAKEN

09/27/1995 Arraignment
     Arraignment - Plea of Guilty Jrn#3507020 SENT DEFERRED

09/27/1995 Amended Information
     MURDER IN 2ND DEGREE; USE OF FIREARM TO COMMIT FELONY(2); ATTEMPTED MURDE
     R IN 2ND DEGREE

09/05/1995 Motion-Suppress
          This action initiated by Gerald E Moran

     ESC: OVERRULE Jrn#3492195 STATE GRANTED LEAVE TO ENDORSE ADDITIONAL WITNE
     SSES

08/17/1995 Motion-Suppress
          This action initiated by party Tyrus T Shelly
     ESC: CRT#1 Sch 09/05/1995 09:30 RE: STATEMENT, PHYSICAL EVIDENCE & EYE-WI
     TNESS IDENTIFICATION

08/03/1995 Trial/Hearing Scheduled
     Sch 09/26/1995 00:00 Jrn#3475282

08/03/1995 Waiver of Speedy Trial
          This action initiated by Gerald E Moran
     Jrn#3475282

07/25/1995 Order-Continuance
          This action initiated by Gerald E Moran
     Jrn#3475212 OF UP TO 90 DAYS W/IN WHICH TIME CO-DEFT'S DEPO IS TO BE TAKE
     N

07/24/1995 Motion Filed
          This action initiated by party Tyrus T Shelly
     Motion and Notice of Hearing ESC: CRT#1 Sch 07/25/1995 09:00 RE: TAKE DEP
     OSITION

07/24/1995 Motion-Continuance
          This action initiated by party Tyrus T Shelly
     ESC: CRT#1 Sch 07/25/1995 09:00

07/19/1995 Praecipe-Subpoena
          This action initiated by party State of Nebraska

```
07/12/1995 Notice Filed
          This action initiated by party State of Nebraska
     RE: ENDORSEMENT OF WITNESSES @ TRIAL



06/12/1995 Order-Consolidation
          This action initiated by Gerald E Moran
     Jrn#3449354 W/DOC 136-217


06/08/1995 Motion-Consolidation
          This action initiated by Gerald E Moran
     ESC: MADVISE Jrn#3449336



06/06/1995 Motion Filed
          This action initiated by party State of Nebraska
     Motion and Notice of Hearing ESC: CRT#1 Sch 06/08/1995 01:30 RE: TO SET T
     RIAL DATE



03/28/1995 Trial/Hearing Scheduled
     Sch 07/24/1995 00:00 Jrn#3437046


02/23/1995 Return Filed
     Sheriff Return ESC: 294259 INFO: SERVED 021695 ON DEFT PERSONALLY



02/16/1995 Arraignment
     Arraignment - Plea of Not Guilty Jrn#3418062 BOND CONT'D



02/16/1995 Order-Appt Public Defender
          This action initiated by Gerald E Moran
     Jrn#3418062


02/16/1995 Confidential Document *
          This action initiated by party Tyrus T Shelly


02/14/1995 Notice-Hearing
          This action initiated by party Tyrus T Shelly
     ESC: CRT#10 Sch 02/16/1995 09:00



02/14/1995 Motion-Discovery
          This action initiated by party Tyrus T Shelly




02/13/1995 Transcript-County Court
     CTY CRT  F95-1390  F95-1680 WITNESS FEES $10.45



02/06/1995 Filing Not Otherwise Specified
     Statement of Costs #003192 $131.20 110395


02/06/1995 Information
          This action initiated by party State of Nebraska
     ESC: 400000
```

Last viewed on 04/28/2025

## Judges Notes

```
02/06/1995
#003192 $131.20 110395
02/13/1995
CTY CRT  F95-1390  F95-1680 WITNESS FEES $10.45
02/16/1995
BOND CONT'D
02/23/1995
INFO: SERVED 021695 ON DEFT PERSONALLY
06/06/1995
RE: TO SET TRIAL DATE
06/12/1995
W/DOC 136-217
07/12/1995
RE: ENDORSEMENT OF WITNESSES @ TRIAL
07/24/1995
RE: TAKE DEPOSITION
07/25/1995
OF UP TO 90 DAYS W/IN WHICH TIME CO-DEFT'S DEPO IS TO BE TAKEN
08/17/1995
RE: STATEMENT, PHYSICAL EVIDENCE & EYE-WITNESS IDENTIFICATION
09/05/1995
STATE GRANTED LEAVE TO ENDORSE ADDITIONAL WITNESSES
09/27/1995
MURDER IN 2ND DEGREE; USE OF FIREARM TO COMMIT FELONY(2); ATTEMPTED
MURDER IN 2ND DEGREE
SENT DEFERRED
10/24/1995
AMD INFO: REC'D WRIT 9-29-95 RTN'D W/NO FUTHER ACTION TAKEN
11/03/1995
SDCS-- CT 1:30 YRS TO LIFE, CT 2:5-10 YRS (CONSECUTIVE TO CTS 1 &
3),CT 3: 25-30 YRS (CONCURRENT W/CT 1),CT 4: 5-10 YRS (CONCUR'T W/CT
2,BUT CONSEC TO CTS 1 & 3),COSTS,CREDIT 283 DAYS ON CTS 2 & 4 ONLY
11/17/1995
JUDG & SENT: EXECUTED 11-13-95 BY DELIVERING DEFT TO NPCC
09/26/1996
OF DATHEIS CAIN - $145.35 OBO DEFT
07/30/1997
BY CDC TO CRT ADMIN (W/ATTACHED FILINGS) RE: NO NOTICE OF APPEAL ON
FILE
08/01/1997
RE: FILINGS
08/20/1997
VOLUME I
DO CTY PAY LORI A BRECKEL $46.75
08/14/2003
RE: LEAVE TO PROCEED IN FORMA PAUPERI
08/27/2003
MOTION FOR POST-CONVICTION OVERRULED
09/15/2003
BY CLK OF NEB S/CRT AND CRT OF APPEAL RE: MINUTE ENTRY
09/16/2003
FROM CLERK OF NE SUPREME COURT RECEIPTING FOR NOTICE OF APPEAL
09/19/2003
RE: RECORD PREP DATE
10/03/2003
COPY OF TRANSCRIPT MAILED TO DEFT
10/27/2003
VOL I
11/04/2003
DO CTY PAY $558.50 TO LORI A GRECKEL
12/11/2003
VACATED AND THE CAUSE REMANDED WITH DIRECTIONS. COSTS OF THIS APPEAL
ARE TO BE PD BY DO CTY AND ARE TAXED AT $66.5
KIM NOVAK APPTD FOR DEFT
12/12/2003
SIGNED JDG ON MANDATE
01/13/2004
JUDGMENT AND SENTENCE ORDER; EXECUTED 010604 BY DELIVERING PAPERS ONLY
ON DEFT TO SDCS
10/07/2008
RE: TRANSCRIPTS
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
```

(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Defendant's praecipe for transcripts denied.  Defendant
notified by mail.
01/26/2009
AND VERIFICATION OF MOAPCOV
01/28/2009
BRIAN MUNNELLY OBO DFNT
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed Order Appointing Counsel for Defendant.
04/13/2009
THOMAS RILEY 051409
04/23/2009
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed Pre-trial Order.
06/01/2009
TYRUS SHELLY 060409
06/02/2009
DEFT MOTION FOR POSTCONVICTION RELIEF IS OVERRULED, AND ONLY THE ONE
ISSUE REQUIRED BY MANDATE IS TO BE ADDRESSED AT EVIDENTIARY HEARING.
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed Order.
06/26/2009
FROM NE S/CRT AND NE COURT OF APPEALS OF RECEIPTING APPEAL
FROM NE S/CRT RE MOTION TO APPOINT COUNSEL
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed Order granting leave for defendant to proceed in
forma pauperis; request for appointment of counsel denied.
07/09/2009
COPY OF TRANS OF PLEADINGS
08/10/2009
DO CTY PAY MARGARET TYSKA HEANEY THE SUM OF $243.50.
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed order for court reporter fees.
04/23/2010
THE JDG IS AFFIRMED IN PART AND IN PART VACATED & REMANDED
W/DIRECTIONS
DEFTS SECOND POSTCONVICTION MOTION DISM'D W/O PREJ.
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Pursuant to remand with directions from the Nebraska
Supreme Court in the above-captioned matter, defendant s second
postconviction motion is dismissed without prejudice.  Signed Order.
05/06/2010
IN PART & IN PART VACATED & REMANDED W/DIRECTIONS FROM NE S/CRT-COSTS
TO BE PD BY DO CTY & TAXED @ $122
05/11/2010
Judge Name:  MORAN
Judge Number and Name:   28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Pursuant to Mandate from the Nebraska Supreme Court, the
appeal from the judgment of the District Court of Douglas County,
Nebraska is affirmed in part, and in part vacated and remanded with
directions and costs in the amount of $122.00 are to be paid by the
Douglas County.
05/12/2010
DO CTY PAY BRIAN S MUNNELLY $1626.53
BY BRIAN MUNNELLY

Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed Order for Attorney Fees.
05/25/2010
DLVD PAPERS ONLY ON DFNT TO NE DOC DEC 051410
05/28/2010
RE: POSTCONVICTION RELIEF IS OVERRULED. POSTCONVICTION HEARING HELD
UNDER ADVISEMENT.
Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Counsel appear.  Defendant's oral motion to amend
complaint for postconviction relief is overruled.  Postconviction
hearing held; under advisement.
06/10/2010
DEFTS MOTION TO AMEND THE MOTION FOR POSTCONVICTION RELIEF IS DENIED.
Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Defendant's motion for postconviction relief is denied.
Defendant's motion to amend the motion for postconviction relief is
denied.  Signed Order.  Case disposed of.
06/15/2010
BY BRIAN MUNNELLY
DOUG CNTY TO PAY BRIAN MUNNELLY $2019.37
Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Signed Order for Attorney Fees.
07/06/2010
AFFIDAVIT ATTACHED
07/12/2010
& MOTION FOR POSTCONVICTION RELIEF IS OVERRULED.
Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Defendant's motion for appointment of counsel on appeal of
his motion for postconviction is overruled; defendant's motion to
proceed in forma pauperis on appeal is sustained.  Order signed.
07/13/2010
RE: COPY OF MINUTE ENTRY
07/14/2010
FROM NE S/CRT & CRT OF APPEALS RECEIPTING NOTICE OF APPEAL
07/27/2010
TRANSCRIPT OF PLEADINGS
07/28/2010
RE:RECORD PREPARATION DATE
08/02/2010
VOL I
DO CTY PAY LORI A. GRECKAL THE SUM OF $26.25
Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Order for court reporter fees signed.
09/07/2010
RE BOE
12/13/2010
FROM NE S/CRT-COSTS TO BE PD BY DO CTY & TAXED @ $125
12/16/2010
Judge Name:  MORAN
Judge Number and Name:    28 GERALD E. MORAN
136-218 STATE OF NEBRASKA VS. SHELLY, TYRUS T  MURDER, 1ST DEGREE
(10103); USE OR CARRY WEAPON TO COMMIT A FELONY (21622); MURDER, 2ND
DEGREE -ATTEMPT (10198); USE WEAPON TO COMMIT FELONY - GUN (21655)
INFORMATION Pursuant to Mandate from the Nebraska Supreme Court, the
appeal from the judgment of the District Court of Douglas County,
Nebraska is Affirmed and costs in the amount of $125.00 are to be paid
by the Douglas County.
12/23/2010
TRIP EXECUTED BY DELIVERING PAPERS ONLY TO NE D&E ON 121610

Last viewed on 04/28/2025



... ..... ......  .....T OF DOUGLAS COUNTY, NEBRASKA

THE STATE OF NEBRASKA,                    )              DOC. 136    PAGE 218

                              Plaintiff,   )

        vs.                                )                        ORDER

TYRUS SHELLY,                              )

                              Defendant.   )



This matter came on for an evidentiary hearing on May 28, 2010. The State appeared through Deputy County Attorney, Katie Benson, and Brian Munnelly appeared on behalf of the Defendant. Exhibits 1-4 were offered by the Defendant and were received without objection. The Court also took judicial notice of the court file, including the November 2, 1995 sentencing order and the motion for postconviction relief filed August 4, 2003. Argument was heard on the postconviction motion and the Court took the matter under advisement. Defendant also made an oral motion to amend the motion for postconviction at the time of the evidentiary hearing, which the Court denied from the bench.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant entered guilty pleas to second degree murder, attempted second degree murder and two counts of use of a firearm to commit a felony and was sentenced to a term of incarceration for those convictions November 3, 1995. No direct appeal was ever filed. Defendant filed this motion for postconviction relief August 4, 2003, and the Court overruled the motion. On a stipulation for summary reversal, the Nebraska Supreme Court remanded for an evidentiary hearing to be conducted on the sole issue of whether counsel was ineffective in failing to perfect a direct appeal.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and it is available only when a constitutional right has been infringed or violated. *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The evidentiary hearing is limited to the sole issue of whether or not trial counsel was ineffective for failing to file a direct appeal of Defendant's conviction and sentence. In Nebraska, the law provides the following:

> Where a defendant has not specifically given instructions concerning an appeal, the first question to be asked is whether counsel consulted with the defendant about an appeal. If counsel has consulted, that is, advised the defendant about the advantages and disadvantages of taking an appeal, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

Although the Court agreed that the better practice is for counsel to routinely consult with the defendant regarding an appeal, it rejected a bright-line rule requiring counsel to always consult with the defendant concerning an appeal. *Id.* Instead, the Court held that:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

\*\*\*

> The Court concluded that to show prejudice related to the failure to file an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega,* 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Whether a defendant meets his burden depends on the facts of a particular case. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." 528 U.S. at 485, 120 S.Ct. 1029.

> To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.

*State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006) (some citations omitted). *See also Deckard, supra* at 416.

There is evidence from Defendant and trial counsel regarding whether Defendant requested trial counsel to file an appeal. Notably, trial counsel, who is the Douglas County Public Defender and has been with the office since 1975, testified very thoroughly as to how he explains appellate rights to defendants entering a plea, including Defendant. (Riley Dep. 14:1-17:20). Trial counsel further testified that he still consults with defendants even if there are only frivolous grounds to appeal and he would still file any appeal regardless of its merit if requested to do so by a defendant. (Riley Dep. 19:4-22). Regardless of the discussion about appellate rights, Defendant never requested a direct appeal within the thirty days after sentencing. (Riley Dep. 23:5-21). The first time Defendant requested an appeal was during February 2006, which was well outside the thirty days after sentencing. (Riley Dep.; Ex. 1). In reviewing the depositions, the Court finds trial counsel's testimony to be more credible and therefore, the testimony set forth above establishes that trial counsel adequately consulted with Defendant about an appeal and Defendant did not expressly instruct trial counsel to file one within the statutorily required timeframe. Thus, the evidence establishes counsel acted in a professionally reasonable manner. *See Wagner*, 271 Neb. at 261 (finding testimony established counsel was not deficient in that defendant never expressly requested counsel to file an appeal); *Deckard, supra*

3

(affirming denial of postconviction relief on finding that trial counsel's testimony that defendant never requested a direct appeal was simply more credible).[1]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Tyrus Shelly's, motion for postconviction relief is denied.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Tyrus Shelly's, motion to amend the motion for postconviction relief is denied.

DATED this ___ day of June, 2010.

BY THE COURT:

_Gerald E. Moran_

Gerald Moran
District Court Judge

Last viewed on 04/28/2025

---

[1] Even if the Court found that trial counsel failed to consult with Defendant about an appeal and had to make further inquiry per *Wagner*, the Court finds Defendant failed to meet his burden in establishing that a rational defendant would want to appeal, that he reasonably demonstrated he was interested in appealing within the required timeframe or that he was prejudiced.